UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| TYLER SCHIRMER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:23-cv-00004-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| POWELL COUNTY DETENTION | ) | **&** |
| CENTER, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is before the Court on a motion to dismiss by the County Defendants, a "motion to dismiss and/or motion for summary judgment" by the Stanton Defendants, and a motion to strike by Plaintiff Tyler Schirmer.[1]  [R. 13; R. 21; R. 22.]  For the following reasons, the County Defendants' motion is **GRANTED**, the Stanton Defendants' motion is **DENIED**, and Mr. Schirmer's motion is **DENIED**.

**I**

One evening, Plaintiff Tyler Schirmer inadvertently drank a bottle of windshield wiper fluid.  [R. 11 at 9.]  Windshield wiper fluid is toxic to humans, and drinking it impaired Mr. Schirmer's motor coordination and causing him to slur his words.  *Id.*  Police were called, and Mr. Schirmer was arrested for public intoxication.  *Id.*  Though Mr. Schirmer and his sister asked that Mr. Schirmer receive medical attention, he was taken to the Powell County Detention

---

[1] The County Defendants include Powell County, Powell County Sheriff's Department, Powell County Detention Center, George Nester, Travis Crabtree, Neal Hamilton, Danny Rogers, John Skidmore, Susan Combs, Cory Graham, James Cook, Holly Drake, Christian Adams, and John David Case.  The Stanton Defendants include James Combs, City of Stanton, and Stanton Police Department.

Center.  *Id.* at 10-11.

Mr. Schirmer brings this action against the County, the Detention Center, the Sheriff's Department, and various individuals allegedly contributing to him not receiving medical care. *Id.* at 4-7.  The complaint pleads four causes of action: violation of the Fourteenth Amendment under 42 U.S.C. § 1983, negligence, "negligent hiring, training, and supervision/*Monell*," and outrage.  *Id.* at 11-14.  After Mr. Schirmer amended the complaint, the County Defendants moved to dismiss some of the claims.  [R. 13.]  The Stanton Defendants answered on February 22, 2023.  [R. 14.]  Then, on May 17, 2023, they also filed a motion to dismiss.  [R. 21.]  Mr. Schirmer asks the Court to strike the Stanton Defendants motion to dismiss.  [R. 22.]

## II

### A

The County Defendants move for partial dismissal under Federal Rule of Civil Procedure 12(b)(6).  [R. 13 at 1.]  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff."  *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inference."  *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009).  Stated differently, it is not enough for a claim to be merely possible; it must be "plausible."  *See Courie*,

577 F.3d at 630.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The County Defendants move to dismiss two types of claims.

**1**

First, the County Defendants argue that immunity bars Mr. Schirmer's state-law claims against Powell County, Powell County Sheriff's Department, Powell County Detention Center, Travis Crabtree in his official capacity, and Sheriff Danny Rogers in his official capacity. Indeed, "pure sovereign immunity, for the state itself, has long been the rule in Kentucky." *Comair, Inc. v. Lexington-Fayette Urban Cnty. Airport Corp.*, 295 S.W.3d 91, 94 (Ky. 2009). Counties enjoy the same immunity as the state.  *Id.*  Moreover, Kentucky governmental immunity extends to employees acting and sued in their official capacities.  *See Autry v. W. Ky. Univ.*, 219 S.W.3d 713, 717 (Ky. 2007).  This immunity bars suits unless waived by the legislature.  *Knott Cnty. Bd. of Educ. v. Mullins*, 553 S.W.2d 852, 853 (Ky. Ct. App. 1977).

Here, Mr. Schirmer does not point to any waiver of sovereign immunity for his state claims.  In fact, Mr. Schirmer agrees that "these entities are entitled to sovereign immunity on the state law claims."  [R. 17 at 3.]  Therefore, the County Defendants are entitled to dismissal of the state claims against the governmental actors.[2]

---

[2] The County Defendants "request the Court to dismiss any state law negligence that is or could be claimed under Count III."  [R. 19 at 2.]  Mr. Schirmer does not dispute that Count Three should be dismissed to the extent that it pleads a state claim.  However, the County Defendants also curtly contend that if Count Three "solely attempts to allege federal Section 1983 *Monell* liability based on negligence, that theory of liability fails as a matter of law and can be dismissed as well."  *Id.*  The County Defendants neither develop this argument nor include it in their original motion.  Accordingly, dismissal of Mr. Schirmer's *Monell* claim is not proper.  *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("[R]eply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration.").

**2**

Second, the County Defendants move to dismiss the federal claims against Jailer Crabtree and Sheriff Rogers in their official capacities because Mr. Schirmer also brings claims against the governmental entities they represent.  [R. 13-1 at 4.]

An official-capacity claim against a public employee is "equivalent to a lawsuit directed against the public entity which that agent represents."  *Claybrook v. Birchwell*, 199 F.3d 350, 356 n.4 (6th Cir. 2000); *see also Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.").  Because a plaintiff may sue a local government directly, "[t]here is no longer a need to bring official-capacity action against local government officials." *Graham*, 473 U.S. at 167 n.14.  Therefore, courts dismiss official-capacity claims against officials when the governmental entity they represent is also a defendant for the same claims. *See, e.g.*, *Owens v. Southerland*, Civil Action No. 5:03-95-JMH, 2006 U.S. Dist. LEXIS 13457, at *8 (E.D. Ky. Mar. 10, 2006) ("As Plaintiff has named the City of Stanford in his suit, his claims against Southerland and Middleton in their official capacities are redundant and will be dismissed.").

Here, Mr. Schirmer brings two claims under 42 U.S.C. § 1983 against Powell County Sheriff's Department and Sheriff Rogers.  [R. 11 at 11-13 (Count I and Count III).]  Mr. Schirmer also brings these claims against Powell County Detention Center and Jailer Crabtree. *Id.*  Because the claims against Sheriff Rogers and Jailer Crabtree are equivalent to the claims against Powell County Sheriff's Department and Powell County Detention Center, the claims are redundant.  *See Claybrook*, 199 F.3d at 356 n.4.  Therefore, dismissal of the claims against Sheriff Rogers and Jailer Crabtree is appropriate. *See, e.g.*, *Owens*, 2006 U.S. Dist. LEXIS

13457, at \*8.  At the end of the day, "this does not change much."  *C.K. v. Bell Cnty. Bd. of Educ.*, 839 F. Supp. 2d 881, 884 (E.D. Ky. 2012).  Mr. Schirmer may still proceed with his Section 1983 claims against the governmental entities.

**B**

About three months after they answered Mr. Schirmer's amended complaint, the Stanton Defendants moved "to dismiss and/or for summary judgment" because the Stanton Defendants are entitled to immunity.  [R. 21.]  Mr. Schirmer asks the Court to strike this motion to dismiss as untimely.  [R. 22.]

Under Federal Rule of Civil Procedure 12, a party must move for failure to state a claim upon which relief can be granted under Rule 12(b)(6) before filing an answer to the plaintiff's complaint.  The Stanton Defendants filed their 12(b)(6) motion after their answer.  [R. 14; R. 21.]  They do not dispute Mr. Schirmer's argument that their motion to dismiss is untimely under Rule 12(b).

In addition, the general rule is that summary judgment is improper if "the non-movant is not afforded a sufficient opportunity for discovery."  *Vance ex rel. Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) (citing *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994)).  It is the non-movant's responsibility to demonstrate to the Court why further discovery is needed.  *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004).  Courts often require that the non-movant file a Rule 56(d) affidavit to find a motion for summary judgment premature.  *See Moore v. Shelby Cnty.*, 718 Fed. App'x 315, 319 (6th Cir. 2017).  The affidavit should "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information."  *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019).  In the end, typically, "some discovery must be

5

afforded [to] the non-movant before summary judgment is granted." *White's Landing Fisheries, Inc.*, 29 F.3d at 231.

Mr. Schirmer alleges that the Defendants violated the Fourteen Amendment by "ignoring Schirmer and his family member's pleas for appropriate medical care and/or ignoring his physical symptoms." [R. 11 at 12.] To prove this claim, Mr. Schirmer seeks depositions from the participating police officers who saw Mr. Schirmer intoxicated, the officers who trained Officer Combs, police record custodians, and police dispatchers. [R. 24-1 at 3.] Mr. Schirmer also seeks written training materials, video footage, medical policies, photos, 911 calls, and correspondence. *Id.* Mr. Schirmer contends that he reasonably expects to discover that he was so intoxicated that officers should have known that he needed medical care and the officers recklessly disregarded a risk to his health by not providing him with medical care. *Id.* at 3-4. Mr. Schirmer could not gather these materials because no discovery has yet occurred. *Id.* Therefore, Mr. Schirmer's Rule 56(d) affidavit indicates his need for discovery, what material facts he hopes to discover, and why he has not already gathered this information. *City of Memphis*, 928 F.3d at 490.

The Stanton Defendants do not contest Mr. Schirmer's need for discovery. Rather, they argue only that "discovery is not allowed when an officer is entitled to qualified official immunity." [R. 25 at 2.] Certainly, a defendant can be entitled to dismissal of an action before discovery when the plaintiff's allegation do not state a claim of violation of clearly established law. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). But the Court has not found that Mr. Schirmer failed to plead a claim that would overcome qualified immunity. In effect, the Stanton Defendants argue that courts must always analyze qualified immunity before discovery. This is not the state of the law.

In fact, although an official's entitlement to qualified immunity is a threshold question "to be resolved at the earliest possible point," that point "is usually [post-discovery] summary judgment." *Wesley v. Campbell*, 779 F.3d 421, 433-34 (6th Cir. 2015) (internal quotation marks omitted); *see also Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Village Sch. Dist.*, 428 F.3d 223, 235 (6th Cir. 2005) (Sutton, J., concurring) (observing that the fact-intensive nature of the applicable tests make it "difficult for a defendant to claim qualified immunity on the pleadings before discovery").  Courts in this circuit regularly deny pre-discovery motions for summary judgment as premature, even where the defendants raise a qualified immunity defense. *Marvaso v. Sanchez*, No. 18-12193, 2019 U.S. Dist. LEXIS 114274, at *3 (E.D. Mich. July 10, 2019).

In their response to Mr. Schirmer's motion to strike, the Stanton Defendants argue that their arguments "can be raised after an answer has been filed by motion for judgment on the pleadings pursuant to Rule 12(c)."  [R. 23 at 1-2 (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987)).]  Even if true, the Stanton Defendants did not make a motion for judgment on the pleadings under Rule 12(c).  The Stanton Defendants filed only a "Motion to Dismiss Plaintiff's claims against them pursuant to Rule 12(b)6 and/or Rule 56(a), and move this Court, pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 56, to dismiss Plaintiff Tyler Schirmer's Complaint."  [R. 21 at 1.]  The motion does not cite Rule 12(c), nor does it mention a request for judgment on the pleadings.  It is not the Court's role to remedy a party's deficiencies.

Therefore, the Stanton Defendants failed to timely raise their arguments.  Their "Motion to Dismiss Plaintiff's claims against them pursuant to Rule 12(b)6 and/or Rule 56(a)" was too late for a motion under Rule 12(b) and too early for a motion under Rule 56.  And at no point did the Stanton Defendants move for relief under Rule 12(c).  Consequently, the motion will be

denied as untimely.

C

In addition to seeking its denial, Mr. Schirmer moves to strike the Stanton Defendants' motion to dismiss.  [R. 22.]  His motion to strike, like his response to the motion to dismiss, argues that the motion to dismiss was untimely.  [R. 22-1.]  Although Mr. Schirmer does not specify the basis of his motion, a court may strike material under Federal Rule of Civil Procedure 12(f).  Under Rule 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Although Mr. Schirmer shows that the Stanton Defendants' motion was untimely, he does not explain how the motion includes "redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Therefore, the motion to strike will be denied.

III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The County Defendants' motion to dismiss [**R. 13**] is **GRANTED**;

    a. Count One and Count Three of the complaint as to Defendants Danny Rogers and Travis Crabtree in their official capacities are **DISMISSED** and

    b. Count Two, Count Four, and Count Three, to the extent that Count Three pleads a state-law claim, as to Defendants Powell County, Powell County Sheriff's Department, Powell County Detention Center, Travis Crabtree in his official capacity, and Danny Rogers in his official capacity are **DISMISSED**;

2. The Stanton Defendants' motion to dismiss [**R. 21**] is **DENIED**; and

3. Plaintiff Tyler Schirmer's motion to strike [**R. 22**] is **DENIED**.

8

This the 31st day of July, 2023.

Gregory F. Van Tatenhove
United States District Judge